IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES JEFFREY SAMUEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 13-153J |
| ) | |
| CAROLYN W. COLVIN, ) | |
| ACTING COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER OF COURT

AND NOW, this 25th day of August, 2014, upon due consideration of the parties' cross-motions for summary judgment relating to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's applications for disability insurance benefits and supplemental security income under Titles II and XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 12) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 10) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Importantly, where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed his pending applications[1] for benefits on July 12, 2010, alleging a disability onset date of January 1, 2009, due to depression, bipolar disorder and arthritis. Plaintiff's applications were denied initially. At plaintiff's request an ALJ held a hearing on January 17, 2012, at which plaintiff, represented by counsel, appeared and testified. On March 7, 2012, the ALJ issued a decision finding that plaintiff is not disabled. On May 15, 2013, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 47 years old at the time of the ALJ's decision and is classified as a younger person under the regulations. 20 C.F.R. §§404.1563(c) and 416.963(c). Plaintiff has at least a high school education, and has past relevant work experience as a switch repair technician, security guard, repair technician, sheet metal worker and service in the army infantry, but he has not engaged in any substantial gainful activity since his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that the medical evidence establishes that plaintiff suffers from the severe physical impairments of chronic back pain with degenerative disc disease at the L4-5 and L5-S1 levels with mild canal stenosis, left elbow tendonitis, right knee arthralgia, tachycardia, as well as numerous mental impairments including bipolar disorder, recurrent severe major depressive disorder with psychotic features, and poly-substance abuse and dependence. (R. 117). However, the ALJ determined that those impairments, alone or in combination, do not meet or medically equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

---

[1] For purposes of plaintiff's Title II application, the ALJ found that plaintiff met the disability insured status requirements of the Act on his alleged onset date and had acquired sufficient coverage to remain insured only through September 30, 2010.

AO 72
(Rev. 8/82)

The ALJ also found that plaintiff retains the residual functional capacity to perform light work with numerous restrictions to accommodate the limiting effects of his physical and mental impairments.[2] A vocational expert identified numerous categories of jobs which plaintiff can perform based upon his age, education, work experience and residual functional capacity, including fruit cutter, folder, paper pattern folder, cuff folder and nut sorter. Relying on the vocational expert's testimony, the ALJ found that although plaintiff cannot perform his past relevant work, he is capable of making an adjustment to work which exists in significant numbers in the national economy. Accordingly, the ALJ determined that plaintiff is not disabled.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A) and 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(1)(B) and 1382c(a)(3)(B).

---

[2] Specifically, the ALJ found that plaintiff has the residual functional capacity to perform light work "except he is limited to occasionally walking and standing; is limited to occasional postural maneuvers ... and climbing ramps and stairs; must avoid climbing ladders, ropes and scaffolds; must be afforded the option to sit and stand during the work day, one to two minutes every 20 minutes; is limited to simple, routine, repetitive tasks, not performed in a fast-paced production environment, requiring only simple, work-related decisions, and in general relatively few work place changes; is limited to working primarily with objects rather than people; is limited to occupations which require no mathematical calculations such as cashier or teller work; is generally limited to one to two step tasks learned by demonstration and is limited to occupations that do not involve the sale or preparation of alcoholic beverages or access to narcotic drugs." (R. 120).

AO 72
(Rev. 8/82)

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process[3] for determining whether a claimant is under a disability. 20 C.F.R. §§404.1520 and 416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, plaintiff raises three challenges to the ALJ's findings: (1) the ALJ erred at step 3 by finding that plaintiff does not have an impairment that meets or medically equals the criteria of any listed impairment; (2) the ALJ failed to consider all of plaintiff's impairments in combination; and, (3) the ALJ's residual functional capacity finding that plaintiff can perform light work fails to account for all of plaintiff's limitations supported by the record. Upon review, the court is satisfied that the ALJ properly evaluated the evidence and that all of the ALJ's findings are supported by substantial evidence.

Plaintiff's first argument is that the ALJ erred at step 3 by finding that plaintiff does not have an impairment, or combination of impairments, that meets or medically equals any of the listed impairments set forth in Appendix 1 of the Regulations. This argument is without merit as this court's review of the record confirms that substantial evidence supports the ALJ's step 3 finding.

---

[3] The ALJ must determine in sequence: (1) whether the claimant currently is engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past-relevant work; and, (5) if so, whether the claimant can perform any other work which exists in the national economy in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §§404.1520 and 416.920. In addition, when there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations. Plummer, 186 F.2d at 432; 20 C.F.R. §§404.1520a and 416.920a.

At step 3, the ALJ must determine whether the claimant's impairment matches, or is equivalent to, one of the impairments listed in appendix 1 of the Regulations. Burnett v. Commissioner of Social Security Administration, 220 F.3d 112, 119 (3d Cir. 2000). The listings describe impairments that prevent an adult, regardless of age, education, or work experience, from performing any gainful activity. Knepp v. Apfel, 204 F.3d 78, 85 (3d Cir. 2000); 20 C.F.R. §§404.1520(d) and 416.920(d). "If the impairment is equivalent to a listed impairment then [the claimant] is per se disabled and no further analysis is necessary." Burnett, 220 F.3d at 119.

The ALJ has the burden to identify the relevant listed impairment that compares with the claimant's impairment and must "fully develop the record and explain his findings at step 3, including an analysis of whether and why [the claimant's] ... impairments ... are or are not equivalent in severity to one of the listed impairments." Id. at 120, n.2. However, the burden is on the claimant to present medical findings that show that his impairment matches or is equal in severity to a listed impairment. Williams v. Sullivan, 970 F.2d 1178, 1186 (3d Cir. 1992).

Here, the ALJ determined that "the medical evidence does not contain the objective signs, symptoms or findings, or the degree of functional limitations, necessary for [plaintiff's] impairments, considered singly or in combination, to meet or equal the severity of any sub-section of sections 1.00, 4.00, 12.00 or any other section contained in Appendix 1," (R. 118) and he proceeded to provide an adequate explanation of that finding. (R. 118-120). The court is satisfied that the ALJ's conclusion is supported by substantial evidence as outlined in his decision.

Although plaintiff now argues that his severe impairment of degenerative disease with mild canal stenosis meets the criteria of Listing 1.04 for disorders of the spine,[4] he points to no specific

---

[4] The criteria for meeting Listing 1.04 are as follows: "Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord, with: (A) evidence of nerve root compression, characterized by neuro-anatomic distribution

objective medical evidence in the record that would support such a finding. Moreover, as the ALJ noted in his decision, no treating or examining medical source indicated that plaintiff's back impairment meets or equals any listing. (R. 118). To the contrary, Dr. Abu Ali, the state agency reviewing physician,[5] not only did not find that plaintiff meets or equals the listing for disorders of the spine but instead found that plaintiff can perform light work. (R. 979-985).

Substantial evidence likewise supports the ALJ's finding that plaintiff's severe mental impairments do not meet or equal any of the listed impairments. Although plaintiff now contends that he meets or equals Listing 12.04 (affective disorders) or Listing 12.06 (anxiety related disorders), the ALJ more than adequately explained why plaintiff's impairments, alone or in combination, do not meet or equal the severity of those listed impairments. (R. 118-120); see Burnett, 220 F.3d at 120, n.2. In particular, the ALJ determined that plaintiff failed to meet either the "B" or "C" criteria of those Listings.[6] Because both 12.04 and 12.06 provide that the "required

---

of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine); or (B) spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every two 2 hours; or (C) lumber spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, resulting in inability to ambulate effectively." 20 C.F.R., part 404, subpart P, appendix 1.

[5] State agency medical consultants are "highly qualified physicians ... who are also experts in Social Security disability evaluation." 20 C.F.R. §§404.1527(e)(2)(i) and 416.927(e)(2)(i). Accordingly, while not bound by findings made by reviewing physicians, the ALJ is to consider those findings as opinion evidence, and is to evaluate them under the same standards as all other medical opinion evidence. 20 C.F.R. §§404.1527(e)(2)(ii) and 416.927(e)(2)(ii); SSR 96-6p.

[6] The "B" criteria under both 12.04 and 12.06 require that the mental impairment result in *at least two* of the following: "1. Marked restriction of activities of daily living; or 2. Marked difficulties in maintaining social functioning; or 3. Marked difficulties in maintaining concentration, persistence or pace; or 4. Repeated episodes of decompensation, each of extended duration." 20 C.F.R., Part 404, Subpart P, Appendix 1 (emphasis added). Here, the ALJ found that plaintiff has mild limitations in activities of daily living; moderate limitations in both social functioning and concentration, persistence or pace; and, one or two episodes of decompensation. (R. 118-120). The ALJ also explicitly found that plaintiff does not meet the "C" criteria of either listing 12.04 or 12.06, and explained that finding in his decision. (R. 119-120).

level of severity ... is met [only] when *both* the A and B criteria are satisfied, *or* when the C criteria are met," (emphasis added), the ALJ appropriately concluded that plaintiff does not meet or equal either of those listings.

Although plaintiff now suggests that in rendering his step 3 finding the ALJ failed to give "appropriate weight" to the opinions of his primary care physician, Dr. Cecilia Levich, and a consultative psychologist, Dr. Wayne D'Agaro, neither of those medical sources ever opined that plaintiff's mental impairments are sufficiently severe to meet or equal any listed impairment, nor did Dr. Catherine Spayd in her consultative psychological evaluation of plaintiff. (R. 950-960). Moreover, Dr. Ray Milke, the state agency reviewing psychologist, specifically determined that plaintiff did not meet or equal any of the listed impairments. (R. 965-978).

Finally, plaintiff's contention that the ALJ erred in failing to consider plaintiff's testimony at step 3 is incorrect. Step 3 concerns the medical severity of plaintiff's impairment and each listing "specif[ies] the objective medical and other findings needed to satisfy the criteria of that listing." 20 C.F.R. §§404.1525(c)(3) and 416.925(c)(3). Accordingly, it was plaintiff's burden to present medical findings equal in severity to the relevant listed impairment. *See* Sullivan v. Zebley, 493 U.S. 521, 531 (1990). He did not do so. The court is satisfied that the ALJ's step 3 finding is in accordance with the applicable regulations and that it is supported by substantial evidence.

Plaintiff's second argument is that the ALJ failed to consider the combined effects of all of plaintiff's medical conditions in finding plaintiff not disabled. This argument is belied by the record. At step 3, the ALJ explicitly found that plaintiff does not have "an impairment or combination of impairments" that meet or equal any listed impairment and considered the medical evidence as it relates to plaintiff's impairments "singly or in combination." (R. 118). Likewise,

at step 5, the ALJ indicated that he considered the "entire record" in assessing plaintiff's residual functional capacity, (R. 120), and it is clear from his decision that he did just that, as the ALJ's residual functional capacity finding contains a number of restrictions accommodating the limiting effects of all of plaintiff's impairments, both physical and mental. (R. 120-124). Upon review of the ALJ's decision, the court is satisfied that the ALJ took into consideration the cumulative effect of all of plaintiff's impairments in combination in determining that plaintiff is not disabled.

Plaintiff's final argument is that the ALJ's residual functional capacity finding that plaintiff can perform light work fails to account for all of plaintiff's limitations supported by the record. Specifically, plaintiff contends that the ALJ failed to consider plaintiff's "back issues, concentration issues and pain" and his "inability to meet the time on task requirements of competitive employment." The court finds no merit to plaintiff's argument.

At step 5, the ALJ must show that there are other jobs existing in significant numbers in the national economy which the claimant can perform consistent with her medical impairments, age, education, past work experience and residual functional capacity. 20 C.F.R. §§404.1520(g) and 416.920(g). Residual functional capacity is defined as the most an individual still can do in a work setting despite the limitations caused by his impairments. Fargnoli, 247 F.3d at 40; 20 C.F.R. §§404.1545(a) and 416.945(a); SSR 96-8p.

Here, the ALJ found that plaintiff retains the residual functional capacity to perform light work with a number of restrictions accommodating the limitations arising from plaintiff's physical and mental impairments. (R. 120). Although plaintiff disputes this finding, it is clear from the record that the ALJ adequately considered all of the relevant medical evidence, as well as plaintiff's reported activities, in assessing plaintiff's residual functional capacity, and that he incorporated into his finding all of the limitations that reasonably could be supported by the

®AO 72
(Rev. 8/82)

- 8 -

medical and other relevant evidence. (R. 120-124).

The ALJ's residual functional capacity finding is supported by substantial evidence as outlined in the decision. Contrary to plaintiff's contention, the ALJ specifically considered plaintiff's "back issues" and accounted for any difficulties arising therefrom by limiting him to only occasional walking and standing, occasional postural maneuvers and a sit/stand option during the work day. Likewise, the ALJ considered plaintiff's "concentration issues" and accounted for those difficulties by limiting him to simple, routine, repetitive tasks, not performed in a fast-paced production environment, requiring only simple, work-related decisions, and in general relatively few work place changes.

Finally, although plaintiff argues that the ALJ failed to consider plaintiff's testimony that his pain would not permit him to remain on task in a work environment, the court is satisfied that the ALJ properly evaluated plaintiff's allegations regarding his pain and limitations in accordance with the regulations. 20 C.F.R. §§404.1529(c) and 416.929(c); see also SSR 96-7p.[7] In assessing plaintiff's credibility, the record shows that the ALJ did not ignore plaintiff's subjective complaints but appropriately considered those complaints in light of the medical evidence, plaintiff's treatment history, his activities of daily living and all of the other evidence of record. (R. 121-23). Based upon all of the evidence, the ALJ found plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms to be not entirely credible. (R. 121). The court finds no error in the ALJ's evaluation of plaintiff's subjective complaints of pain and resultant limitations.

It also is important to emphasize that the ALJ did not find plaintiff's subjective complaints entirely not credible. Rather, the decision makes clear that, to the extent plaintiff's allegations as

---

[7] Allegations of pain and other subjective symptoms must be supported by objective medical evidence, 20 C.F.R. §§404.1529(c) and 416.929(c), and an ALJ may reject a claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999); see also SSR 96-7p.

to the limitations arising from his impairments are supported by the medical and other evidence, the ALJ accommodated those limitations in the residual functional capacity finding. Only to the extent that plaintiff's allegations are not so supported did the ALJ find them to be not credible.

The record demonstrates that the ALJ adhered to the appropriate standards in evaluating plaintiff's credibility and it is not this court's function to re-weigh the evidence and arrive at its own credibility determination. Rather, this court must only determine whether the ALJ's credibility determination is supported by substantial evidence and is satisfied that it is.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: J. Kirk Kling, Esq.
630 Pleasant Valley Boulevard
Suite B
Altoona, PA 16602

Stephanie L. Haines
Assistant U.S. Attorney
200 Penn Traffic Building
319 Washington Street
Room 224, Penn Traffic Building
Johnstown, PA 15901